UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.: 2:24-274 |
| | ) | |
| | ) | |
| vs. | ) | CONSENT ORDER ALLOWING |
| | ) | DISCOVERY TO BE REVIEWED |
| | ) | VIA LAPTOP AT THE CHARLESTON |
| IOKENO TAYLOR | ) | COUNTY DETENTION CENTER |

The Defendant, through Assistant Federal Public Defender Ann Briks Walsh, has requested that he have meaningful access to the evidence in his case. Because he is in custody at the Charleston County Detention Center, he has requested an order that would allow him to review his discovery at the jail by way of a computer. This request would constitute an exception to the Order Governing Discovery already in place. Assistant U. S. Attorney Carra Henderson consents to this request.

The Government has provided redacted electronic copies of the discovery to the Defendant's attorney. The contents will be placed onto the hard drive of a laptop, and the laptop labeled as property of the Federal Public Defender's Office. There is no other discovery on the laptop from any other case, and the laptop does not have internet access.

This Court orders the Charleston County Detention Center to make the laptop available to the Defendant while he is in custody at the facility. The laptop shall be password protected, with the Defendant having a unique user identification and password combination, provided only to him. Neither the jail nor any other person shall have access to the laptop except employees of the Federal Public Defender's Office.

The Defendant will not be permitted to have the computer in his cell, and only he can view the discovery, and only in a room dedicated to this purpose. Staff at the Federal Public Defender's office will meet with staff at the jail for a review of the laptop and appropriate security measures. The Defendant is permitted to take notes while he reviews the discovery, but no one else is allowed access to the notes or the laptop, nor is the jail allowed to provide access to the notes or the laptop to any other individual. The laptop will be returned to the Federal Public Defender's Office upon completion of the review of the discovery by the Defendant.

Failure to abide by the restrictions of this Order may result in punishment for contempt of court. The Charleston County Detention Center is ordered to make all reasonable efforts to grant equitable access of the laptop to the Defendant upon his request.

IT IS SO ORDERED.

    s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

This <u>24th</u> day of February, 2025
at Charleston, South Carolina.